IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CARRIE A. PHILLIPS ROBINSON,

    Plaintiff,

v.

FLAGSTAR BANK, F.S.B., *et al.*

    Defendants.

Civil Action No.: 3:11-CV-00018-REP

## REPLY IN SUPPORT OF DEFENDANT FEDERAL HOME LOAN MORTGAGE CORPORATION'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and Local Rule 7, Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac"), by counsel, respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff's response does nothing to change the fact that each of Plaintiff's claims is implausible as a matter of law and should be dismissed with prejudice.

Plaintiff notes that the authority regarding her allegation that the title examination and title abstract fees were not bona fide or reasonable is not consistent; however, she continues to urge this Court to follow inapposite opinions. This time, Plaintiff cites *Curry v. Flagstar Bank*, No. 1:10-CV-1169, 2011 U.S. Dist. LEXIS 54839 (E.D. Va. Apr. 1, 2011), as well as a paragraph of the *Curry* defendant's memorandum in support of its motion to dismiss which referenced the *Hudson, King* and *Taylor* cases. Though Plaintiff may cite the *Curry* opinion and the aforementioned paragraph to persuade this Court that those cases support her position, *Curry* has no bearing on the facts of this case. *Curry* involved a TILA cause of action where

the plaintiff abandoned her claims related to a tax service fee and an abstract title search fee, and the remaining issue was whether a $490.00 charge for a title examination exceeded the going local rate. Here, Plaintiff's Amended Complaint alleges a time-barred TILA claim based on what Plaintiff thinks her unasserted rights may have been prior to the May 4, 2010 foreclosure.

Regardless, Plaintiff again makes no effort to distinguish this Court's decision in *Hudson v. Bank of America, N.A.*, No. 3:09cv462, 2010 WL 2365588 (E.D. Va. June 11, 2010). In the *Hudson* case, this Court considered and rejected a claim that settlement fees were not reasonable. The plaintiff alleged that the $819.00 fee for title insurance was unreasonable because the local rate for comparable title insurance was less than $500.00. *Hudson*, 2010 WL 2365588, *5. Even "assum[ing] the veracity of these allegations," the court held that "these averments merely establish that Hudson paid more for title insurance than another borrower might have." *Id.* The court explained that, "[i]n the absence of any allegations regarding the extent to which [the lender] augmented its return through title insurance fees or more comprehensive allegations regarding the prevailing rates for title insurance on properties similar to Hudson's," the complaint "merely shows the possibility of wrongdoing but does not nudge the claim from possible to plausible." *Id.* Because Hudson failed to "allege[] facts sufficient to render his conclusions regarding the unreasonability of the title insurance fee plausible," the Court found "his conclusion that the TILA disclosures omitted finance charges exceeding $35 is nothing more than a naked assertion." *Id.* Accordingly, this Court granted the lender's motion to dismiss.

Similarly, in *Taylor v. Deutsche Bank National Trust Co.*, the plaintiff also claimed that the title examination fee and related fees were unreasonable because she paid $395.00 and the

2

alleged going local rate was below $250.00. 2010 WL 4103305, at *4 (E.D. Va. 2010). In an effort to support the amount of the alleged local rate, the plaintiff relied upon rate information from the Internet. *Id.* This Court held that Taylor's alleged discrepancy of $145.00 did not establish the unreasonableness of the lender's fee as to her loan. *Id.* The Court explained that "[e]ven if [it] were to assume the veracity of [the plaintiff's] allegations, these averments would merely establish that [the plaintiff] paid more for the title examination fee than another borrower might have." *Id.*

Instead, Plaintiff again urges this Court to follow what she believes is contradictory authority in the case of *Juan Carlos Rodriguez v. GMAC Mortgage Corporation*, 3:07-CV-665 (Oct. 10, 2008). However, as the court recognized in *King v. Deutsche Bank Nat'l Trust Co.*, No. 3:10-CV-41, 2010 WL 3745599, at *6 (E.D. Va. 2010), talismanic reliance on the *Rodriguez* case does not save a case from dismissal at the pleadings stage. *Rodriguez* involved a motion for summary judgment, not a Rule 12 motion; therefore the Rodriguez plaintiffs were able to *provisionally* stave off summary judgment by promises of forthcoming evidence. 2010 WL374559, at *6. ("The Court finds *Rodriguez* distinguishable from *Hudson* based on the procedural posture those cases ultimately addressed.") Here, Plaintiff fails to pass the test for pleading a putative claim for TILA rescission established by the *Hudson* decision, and she cannot avoid dismissal by ignoring these decisions and referring to the distinguishable *Rodriguez* case.

Plaintiff also attempts to ignore the complete holding in the *Taylor v. Deutsche Bank National Trust Co.* case. Plaintiff continues to insist that she may challenge the two fees that she seeks to put at issue, the title examination and title abstract fees, because they allegedly were charged by the same vendor, and she contends that the present case is distinguishable

3

from the *Taylor* case for that reason. In the *Taylor* case, the court held that the plaintiff's claim lacked merit not only because the fees were paid to different companies, but also "because Regulation Z recognizes both title examination fees and abstract fees." 2010 WL 4103305, at *4. Plaintiff does nothing to distinguish away the *Taylor* court's recognition that Regulation Z permits both title examination and abstract fees to be charged. Further, Plaintiff fails to note that Regulation Z has no requirement that these two fees be paid by different vendors.

Finally, Freddie Mac will not address Plaintiff's argument to amend because Plaintiff has not moved to amend. Plaintiff has had more than ample opportunity to provide the Court with allegations of fact sufficient to state a claim against Freddie Mac, and this Court need not allow Plaintiff to again amend her complaint where the amendment would be futile. *See, e.g., Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999); *Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995). Another amendment will not remedy Plaintiff's legally defective claim theories because she cannot allege the substance underlying her claims.

Because the Amended Complaint fails to state claims against Flagstar for the reasons stated in the Motion to Dismiss, Memorandum in Support of Motion to Dismiss and the Reply in support of its motion to dismiss filed by Flagstar, the Amended Complaint also fails to state derivative or related claims against Freddie Mac. Freddie Mac respectfully incorporates by reference Defendant Flagstar's Memorandum in Support of its Motion to Dismiss the Amended Complaint ("Flagstar's Memorandum"), as well as Defendant Flagstar's Reply in Support of its Motion to Dismiss. For the reasons stated therein, Plaintiff has failed to state a plausible claim for relief with respect to any of her putative claim theories. Accordingly, the Amended Complaint should be dismissed with prejudice.

4

Respectfully submitted,

FEDERAL HOME LOAN MORTGAGE
CORPORATION ("FREDDIE MAC")
By Counsel

June 3, 2011

NELSON MULLINS RILEY & SCARBOROUGH LLP

_____/s/_____
Erika J. Karnaszewski, Esq., VSB No. 76031
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: erika.karnaszewski@nelsonmullins.com

*Counsel for Defendants Federal Home Loan
Mortgage Corporation and Flagstar Bank,
F.S.B.*

CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2011 the foregoing Reply in Support of Defendant Freddie Mac's Motion to Dismiss Plaintiff's Amended Complaint was electronically filed with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> Henry W. McLaughlin, Esquire
> 707 East Main Street, Suite 1375
> Richmond, VA 23219
>
> *Counsel for Plaintiff*
>
> Samuel I. White, P.C.
> William Adam White, Esquire
> Christopher L. Walker, Esquire
> 5040 Corporate Woods Drive, Suite 120
> Virginia Beach, Virginia 23462-6523

/s/
Erika J. Karnaszewski, Esq., VSB No. 76031
NELSON MULLINS RILEY & SCARBOROUGH LLP
101 Constitution Avenue, NW, Suite 900
Washington, D.C. 20001
Telephone: (202) 712-2800
Facsimile: (202) 712-2860
Email: erika.karnaszewski@nelsonmullins.com

*Counsel for Defendants Federal Home Loan Mortgage Corporation and Flagstar Bank, F.S.B.*