# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# RICHMOND DIVISION

Spottswood W. Robinson III
And Robert R. Mehrige Jr.
Federal Courthouse

| | |
|---|---|
| **CARRIE A. PHILLIPS ROBINSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **FLAGSTAR BANK, FSB,** | ) |
| | ) Civil Action No. 3:11-cv-00018-REP |
| | ) |
| **FEDERAL HOME LOAN** | ) |
| **MORTGAGE CORPORATION** | ) |
| | ) |
| And | ) |
| | ) |
| **SAMUEL I. WHITE, P.C.** | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM IN SUPPORT OF UNOPPOSED (BY FLAGSTAR BANK AND FEDERAL HOME LOAN MORTGAGE CORPORATION) MOTION FOR EXTENSION OF TIME TO SUBMIT FINANCIAL INFORMATION TO DEFENDANT AND FOR CONTINUANCE OF STATUS REPORT NOW SET FOR AUGUST 5, 2011**

Plaintiff, Carrie A. Phillips Robinson ("Robinson"), by counsel, sets forth the following in support of her motion for an extension of the time for her counsel to submit financial information to counsel for Flagstar Bank, FSB ("Flagstar") and for continuance from August 5, 2011 of the status conference on this case:

At the pretrial conference of this case on June 21, 2011, the Court ordered counsel for Robinson to submit financial information to counsel for Flagstar by July 6, 2011 and scheduled a status conference by telephone at 2 p.m. on August 5, 2011.

Soon after the pre-trial conference, counsel for Robinson arranged for a form for financial information (to be submitted to Flagstar) to be delivered to Robinson by a family member. However, Robinson did not fill out the information and did not provide the financial documents needed to go with the information. It appears that this was because of incompetency on Robinson's part.  Robinson executed a durable power of appointment to her daughter, Mary Jenkins, and her son-in-law, Earl Jenkins, who are able to consult with Robinson's counsel on Robinson's behalf as to this litigation. Most of this consultation has been between Earl Jenkins and Robinson's counsel.  Previously, Robinson came to her counsel's office three times and Robinson discussed her case in some detail with her counsel two of those times. However, in telephone conversations between her counsel and her, Robinson demonstrated the effects of incompetency.

The effects of her incompetency as expressed in telephone conversations has made it clear it is currently difficult for Robinson herself to cooperate with legal counsel. Her ability to maintain this lawsuit and potentially to reach a settlement will depend on Mary and Earl Jenkins, acting on her behalf in their capacity as her attorneys-in-fact pursuant to the durable power of appointment.

Although Robinson previously executed that power-of-appointment for Earl Jenkins to act on her behalf as to her affairs, he has been having difficulty as to the issue of a financial statement because Robinson's incompetency recently has expressed itself in the form of apparently unfounded suspicion towards Earl Jenkins.

Robinson has not formally been adjudicated as incompetent. However, her counsel believes that he is able to continue to maintain this lawsuit only because Mary and Earl Jenkins can act on Robinson's behalf as her attorneys-in-fact.  Robinson's counsel does not

expect to call Robinson as a witness in this case if it goes to trial.  Her counsel believes that she would not be an essential witness in any event, as the averment of promise against foreclosure set forth in her complaint depends on a promise against foreclosure made to Earl Jenkins.

Beginning last week, Mary and Earl Jenkins obtained help through the Department of Social Services of Hanover County, Virginia which is providing services to Robinson which is allowing her to remain in the home at this time. Mary and Earl Jenkins believe that with such services from the Hanover County Department of Department of Social Services, Robinson hopefully will be able to remain in the home unless and until her condition worsens.

Robinson's counsel has extensive financial information regarding Robinson  current as of March 2010 (which includes documents as far back as 2009).  Robinson's counsel has not sent that information to counsel for Flagstar towards a settlement in the belief that – in order to expect any meaningful consideration by Flagstar towards a settlement based on a loan modification -- it will be necessary to provide Flagstar with current information including current documentation of financial information.

Earl Jenkins has made arrangements for one of Robinson's grandsons to go to Robinson's home to look throughout the house for financial documents to bring to the office of counsel for Robinson either on July 30, 2011 or on August 1, 2011.  Robinson's counsel is very hopeful that this will provide sufficient documentary verification for an updated statement on behalf of Robinson by Mary and Earl Jenkins as her attorneys-in-fact.

Counsel for Robinson acknowledges that he should have filed this motion for an extension prior to July 6, 2011 and apologizes to the Court for failing to do so.

Counsel for plaintiff has conferred with counsel for Flagstar Bank, FSB and Federal Home Loan Mortgage Corporation, who do not oppose this motion. Robinson's counsel was not able to reach counsel for Samuel I. White, P.C. on July 29, 2011.

On the basis of the above, counsel for Robinson asks the Court to extend the deadline for Robinson's counsel to provide Flagstar with financial information and asks the Court to continue the status conference now set for August 5, 2011.

                        Respectfully submitted,

                        **CARRIE A. PHILLIPS ROBINSON,**

                        By /s/ Henry W. McLaughlin
                        Henry W. McLaughlin (VSB No. 07105)
                        The Law Office of Henry McLaughlin, P.C.
                        707 East Main Street, Suite 1375
                        Richmond, Virginia 23219
                        (804) 205-9020; fax (877) 575-0245
                        *Counsel for Carrie A Phillips Robinson*

                        **CERTIFICATE**

I, Henry W. McLaughlin, counsel for Carrie A. Phillips Robinson, certify that on July 29, 2011, the foregoing will be filed electronically with the ECF filing system of the U.S. District Court for the Eastern District of Virginia, Richmond Division, which will electronically notify the following of the same:

        Erika J. Karnaszewski, Esquire
        Nelson, Mullins, Riley & Scarborough, LLP
        101 Constitution Avenue, NW, Suite 900
        Washington, D.C. 20001
        (202) 712-2800; fax (202) 712-2860
        Email: Erika.karnaszewski@nelsonmullins.com

        Ronald J. Guillot Jr., Esquire
        Samuel I. White, P.C.
        5040 Corporate Woods Drive, Suite 120
        Virginia Beach, Virginia 23462
        Email: rguillot@siwpc.com

And

Christopher L. Walker, Esquire
Samuel I. White, P.C.
5040 Corporate Woods Drive, Suite 120
Virginia Beach, Virginia 23462
Email: cwalker@siwpc.com

               /s/ Henry W. McLaughlin
                 Counsel

Henry W. McLaughlin (VSB No. 07105)
The Law Office of Henry McLaughlin, P.C.
707 East Main Street, Suite 1375
Richmond, Virginia 23219
(804) 205-9020; fax (877) 575-0245
*Counsel for Carrie A. Phillips Robinson*